**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GERALDINE CAPOBIANCO JONES, *et al.*, | HONORABLE KAREN M. WILLIAMS |
| Plaintiffs, | |
| v. | Civil Action<br>No. 23-4557 (KMW-EAP) |
| DANIEL THOMPSON, *et al.*, | |
| Defendants. | **OPINION** |

APPEARANCES:

GERALDINE CAPOBIANCO JONES
RHYS E. JONES, SR.,
RHYS E. JONES, JR.,
LIAM JONES
170 VALLEY ROAD
MONTCLAIR, NJ 07042

    *Plaintiffs appearing pro se*

TERANCE J. BENNETT, ESQ.
3431 ROUTE 47, P.O. BOX 520
PORT ELIZABETH, NJ 08348

    *Counsel for Defendants Daniel Thompson and Elizabeth Thompson*

TIMOTHY CHRISTOPHER ALEXANDER, ESQ.
HELMER, CONLEY & KASSELMAN, P.A.
111 WHITEHORSE PIKE
HADDON HEIGHTS, NJ 08035

    *Counsel for Defendant Daniel Thompson, Jr.*

BRAHEEM LAMAR UKAIDI, ESQ.
RICHARD J. HUGHES JUSTICE COMPLEX
DIVISION OF LAW
25 MARKET STREET
TRENTON, NJ 08611

    *Counsel for Defendants Amanda Ryan, Daryl Hill, Jamie Anne Champ, Steven Baugh, and the State of New Jersey*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

Plaintiffs Geraldine Capobianco Jones, Rhys E. Jones, Sr., Rhys E. Jones, Jr., and Liam Jones (collectively, "Plaintiffs"), brings this action against Defendants Daniel Thompson, Elizabeth Thompson, Daniel Thompson, Jr., ("Thompson Defendants"); Defendants Amanda Ryan, Daryl Hill, Jamie Anne Champ, and Steven Baugh, ("Officer Defendants"); and the State of New Jersey, alleging that the Thompson Defendants coordinated with Officer Defendants to violate Plaintiffs' constitutional rights, 42 U.S.C. § 1983, the New Jersey Civil Rights Act, and cause the physical and emotional harms that Plaintiffs suffered on June 22, 2021 when Thompson Defendants allegedly called the police to report a trespass on their property, and the subsequent assault and arrest of Plaintiffs at their home by responding Officer Defendants.

This matter comes before the Court on Defendant Daniel Thompson, Jr.'s Motion to Dismiss, (ECF No. 5). Plaintiffs Geraldine Capobianco Jones, Rhys E. Jones, Sr., Rhys E. Jones, Jr. and Liam Jones, opposed the motion, (ECF No. 19), and Defendant replied, (ECF No. 20). For the reasons that follow, the Court will grant Defendant Daniel Thompson, Jr.'s Motion to Dismiss, (ECF No. 5).[1]

## II. BACKGROUND

### A. Initiation of Dispute

Plaintiffs and Thompson Defendants Elizabeth and Daniel, Sr., live on properties adjacent to each other in Leesburg, New Jersey. Notice of Removal at Attachment 5, Plaintiffs' Complaint ("Compl.") ¶ 12. Plaintiffs acquired the home through a special auction by the Maurice River Township in December of 2020 and around April of 2021, Plaintiffs Geraldine and Rhys, Sr. took

---

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.

possession of the property. *Id.* ¶¶ 12-13. Around that time Thompson Defendants approached Plaintiffs informing them that they had intended to purchase Plaintiffs' property but were unaware of the auction. *Id.* ¶ 13. On or about May 1, 2021, the contractors that Plaintiffs hired began their work to repair various aspects of the property and this is when Thompson Defendants first began to contest the property boundary line, which allegedly was used by Thompson Defendants to park cars and deposit other objects. *Id.* ¶¶ 14-16. Since then, Plaintiffs and Thompson Defendants have been disputing the boundary in a municipal court matter, and Plaintiffs allege that Thompson Defendants have also used out-of-court tactics to harass, intimidate, and disrupt Plaintiffs' use of their property. *Id.* ¶¶ 17-18. These acts have included: filing "false complaints" with the municipal court, calling the State Police to report alleged trespassing and other activity on the disputed property at least ten times, surveilling and filming Plaintiffs and the property, placing objects such as fencing and cars in the disputed area, moving surveyor's boundary stakes, and "deceiving" the Superior Court by filing an invalid survey. *Id.* ¶ 19-21. Plaintiffs allege that Thompson Defendants conspired with Defendant Officers to deprive Plaintiffs' use of the land and violate Plaintiffs' civil rights though their son, Defendant Daniel Thompson, Jr., who they allege is a State Police officer. *Id.* ¶ 21.

### B. Arrests Made on June 22, 2021

On June 22, 2021, Thompson Defendants allegedly called in another trespassing complaint to the State Police about Plaintiffs, resulting in Defendant Officers Ryan and Hill reporting to the scene to investigate the report. *Id.* ¶¶26-28. Shortly after questioning what Plaintiff Geraldine was doing, Defendant Officer Ryan allegedly moved to immediately arrest Plaintiff Geraldine while on her own property, which escalated into the arrest of every member of the Jones family. *Id.* ¶ 33-43. Plaintiff Geraldine was arrested by Defendant Officers Ryan and Hill, who she asserts

"tossed or dropped" her to the ground, causing a dislocated and fractured right shoulder, where she was repeatedly kicked while restrained, and further injured by Officer Champ. *Id.* Plaintiff Geraldine asserts that she attempted to shield herself by entering her back door where Plaintiff Liam tried to intervene and was injured by Defendant Officers Ryan and Hill grabbing his arm while restraining him, causing a significant contusion. *Id.* ¶¶ 38-40. Plaintiff Rhys, Jr. also attempted to intervene, and Defendant Officers Ryan and Hill are alleged to have struck him and forced him to the ground. *Id.* ¶ 42. At some point during this altercation, additional officers arrived at the scene and entered Plaintiffs' home. *Id.* ¶¶ 36. During the melee, another unnamed officer thought Plaintiff Rhys, Jr. had a weapon, "picked Rhys Jr. up and threw him across the room," where another unnamed officer jumped on top of him, put him in a choke hold, and caused injuries to his ribs and back. *Id.* ¶42. Then, Defendant Officer Hill allegedly punched Plaintiff Rhys, Jr. on the back of his head, causing a concussion resulting in "Post Concussion Syndrome." *Id.* Other unnamed officers tackled Plaintiff Rhys, Sr., causing pain. *Id.* ¶ 43. Plaintiffs were then taken to the Port Norris Police Station, transferred to Cumberland County Jail, and released the next day. *Id.* ¶46.

### C. September Superior Court Action

On September 2, 2021, Thompson Defendants filed another court action regarding the disputed property boundary, supported by a survey conducted by Mr. DeFabrites. *Id.* ¶ 48. Plaintiffs allege that Thompson Defendants knew that this particular survey had been "withdrawn" for being "erroneous and inaccurate," but they filed it in the matter anyway, defrauding the court and resulting in "an erroneous decision and judgment," causing severe emotional distress and continued time and expense to vacate and correct that judgment. *Id.* ¶¶ 49-53.

### III. LEGAL STANDARD

#### A. Federal Rule of Civil Procedure Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

Generally, a district court may consider: allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint. *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pac. LLC*, 945 F. Supp. 2d 543, 551 (D.N.J. 2013) (citing *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990)). Thus, a court cannot consider matters that are extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, courts may consider documents integral to or explicitly relied upon in the complaint without converting the motion to dismiss to one for summary

judgment. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *In re Burlington*, 114 F.3d at 1426). In this regard, it is critical to consider "whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Schmidt*, 770 F.3d at 249.

### B. Federal Rule of Civil Procedure Rule 8

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint seeking to raise a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. P. 8(a)(2). Each allegation in a complaint must therefore be "concise and direct." Fed. R. Civ. P. 8(e)(1). While Rule 8 encourages clarity and efficiency in stating claims, Rule 8 still "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief[.]" *Phillips*, 515 F.3d at 231. A district Court may dismiss a complaint *sua sponte* for failure to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014).

### IV. DISCUSSION

At the outset, the Court acknowledges that when determining the sufficiency of a *pro se* complaint, the Court must construe the complaint liberally, but this does not absolve a *pro se* plaintiff from complying with the Federal Rules of Civil Procedure. *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) ("a *pro se* complaint . . . must be held to 'less stringent standards than formal pleadings drafted by lawyers;' . . . but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.'"). Thus, even a *pro se* complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it

6

provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. 42 U.S.C. § 1983 Claims ("§ 1983")[2]

To prevail on a claim under § 1983, "a plaintiff must prove that his constitutional rights were violated by someone acting under color of state law." *Rodriguez v. Fajardo*, No. 06-4996, 2007 WL 1959254 at *7 (D.N.J. Jul. 3, 2007) (internal citations and quotations omitted). Generally, § 1983 claims apply to public employees when "a public employee acts under color of state law" which is defined as when a public employee is "acting in his official capacity or while exercising his responsibilities pursuant to state law." *Traynor v. Billhimer*, No. 21-7463, 2023 WL 2214178 at *6 (D.N.J. Feb. 24, 2023) (internal citation omitted). § 1983 can apply to private parties in limited circumstances. A private party will be treated as a "state actor" if: the private entity exercised powers that are traditionally exclusive to the state, or the private party "acted with the help of or in concert with state officials," or if the state has "so far insinuated itself in a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Lentz v. Taylor*, No. 17-4515, 2019 WL 1091392 at *4 (D.N.J. Mar. 8, 2019) (quoting *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009)).

Here, Plaintiffs allege that the Thompson Defendants "acted with the help of or in concert with state officials," namely, Defendant Officers, to deprive them of their Fourth and Fourteenth Amendment rights to be free of warrantless seizure, excessive force, and due process. Compl. ¶¶

---

[2] To the extent that Plaintiff asserts New Jersey Civil Rights Act ("NJCRA") claims, the NJCRA was modeled after 42 U.S.C. § 1983 (creating a private cause of action for violations of civil rights under the New Jersey Constitution). *See Lepping v. Cty. of Mercer*, No. 18-02118, 2018 WL 5263281 at *9 (D.N.J. Oct. 23, 2018) (internal citations omitted). Courts in this District have "repeatedly construed the NJCRA in terms nearly identical to its federal counterpart," and therefore Plaintiff's NJCRA claims are sufficiently addressed through the lens of this Court's analysis of Plaintiff's § 1983 claims. *Id.*

61-79, 90-95. Specifically, as to Defendant Daniel Thompson, Jr., he is mentioned only a handful of times in the Complaint:

- 6. Defendant, Thompson, is the Thompson Defendants' son and a State Trooper and employee of the State Police of New Jersey who acted in concert with the Thompson Defendants and the other Officer Defendants to deprive Plaintiffs of their civil rights and to engage in the tortious conduct hereinafter alleged.

- 8. Sergeant Baugh, upon information and belief, is a State Trooper and an employee of the State Police of New Jersey who supervised or directed the actions of the police on Plaintiff's property on June 22, 2021, and ordered the police to arrest Geraldine, and who acted as requested by the Thompson Defendants and their son Trooper Daniel Thompson, Jr.

- 10. Upon information and belief, Defendant Sergeant Baugh, is an officer of the New Jersey State Police and acted in concert with Trooper Daniel Thompson, Jr., to oversee the actions against the Plaintiffs by the other Officer Defendants to deprive Plaintiffs of their rights.

- 22. Upon information and belief, the Thompson Defendants, as part of their scheme, enlisted, directly or indirectly, the assistance and support of their son, Officer Daniel Thompson, Jr., in their efforts, actions, and practices to enforce and support their claim to the Disputed Property.

- 23. Upon information and belief, Officer Thompson then requested that State Police Officer Baugh become involved in, oversee, and support his parents claim to the Disputed Property and to cause the officers in the PNSP, as fellow officers, to act for the benefit of his parents in the Boundary Dispute, despite the State Police lacking jurisdiction, authority, or competence over such civil dispute which was supposed to be settled in Superior Court.

- 82. The Defendants' outrageous and extreme actions include, but are not limited to, causing repeated false trespass complaints to be filed, filming Plaintiffs while they were on the Jones Property or the Disputed Property, acting in concert with the State Police, their son and others, improperly relying upon, in litigation to resolve the Boundary Dispute, the DeFabrites Survey they knew was erroneous and inaccurate and causing the interference and arrest of Plaintiffs on June 22, 2021 that resulted in the physical injuries to and arrests of Plaintiffs.

The Parties contest whether Defendant Daniel Thompson, Jr. is a state trooper. *Compare* Compl. ¶ 6 *and* Def.'s Motion to Dismiss at Ex. C. His status is immaterial because § 1983 claims can be alleged not only against public employees but also against private actors in certain circumstances as noted above. *See Lentz,* 2019 WL 1091392 at *4.

If Defendant Daniel Thompson, Jr. was a state employee, this fact does not automatically impute § 1983 liability. There must be a factual allegation that Defendant Daniel Thompson, Jr., himself deprived Plaintiffs of any constitutional right or participated in such a deprivation. *See Parkman v. Ellis,* No. 21-11309, 2023 WL 8432735 at *4 (D.N.J. Dec. 5, 2023) (explaining that the Supreme Court has eschewed any "'theory of liability' in which defendants played 'no affirmative part in depriving any[one] . . . of any constitutional rights'" (*quoting Rizzo v. Goode,* 423 U.S. 362, 376-77 (1976)). The Complaint is devoid of any facts to plausibly suggest that Defendant Daniel Thompson, Jr. caused the deprivation of Plaintiffs' rights, directly or indirectly.

To the extent that Plaintiffs are alleging that Defendant Daniel Thompson, Jr. conspired with Defendant Officers, there must be sufficient factual matter to support an inference that there was a conspiratorial agreement: there must be "some factual basis to support the existence of the elements of a conspiracy, namely, agreement and concerted action." *Voth v. Hoffman,* No. 14-7582, 2016 U.S. Dist. LEXIS 57289 at *28 (D.N.J. Apr. 28, 2016).[3] Plaintiffs' allegations simply assert that Defendant Daniel Thompson, Jr. had proximity or was affiliated in some way with Defendant Sergeant Baugh. *See* Compl. ¶¶ 10, 22-23. Even if Defendant Daniel Thompson, Jr. was a police officer, there are no factual details to plausibly demonstrate that there was an agreement between Defendant Sergeant Baugh and Defendant Daniel Thompson, Jr., nor does the

---

[3] A conspiracy claim arising under § 1983 is a way for "§ 1983 liability [to] be imputed to those who have not actually performed the act denying constitutional rights." *Id.* Importantly, however, such a claim is not actionable "without an actual violation of § 1983." *Id.*

9

Complaint provide any detail of what action Defendant Daniel Thompson, Jr. had taken "in concert" with Defendant Sergeant Baugh to bring about the arrests of Plaintiffs on June 22, 2021. Simply stating that the men were in the same profession, without more, is insufficient to state a claim upon which relief can be granted.

Reading the Complaint liberally, even if Defendant Daniel Thompson, Jr. was not a state employee, Plaintiffs' allegations suggest he "acted with the help of or in concert with state officials," which is one of the scenarios in which a private actor can be held liable in a § 1983 suit. *See Lentz,* 2019 WL 1091392 at *4. The involvement of a state official in a conspiracy with a private actor to violate a party's constitutional rights is sufficient to allege a § 1983 claim against both parties. *See Desposito v. New Jersey,* No. 14-1641, 2015 WL 2131073 at *14-15 (D.N.J. May 5, 2015). However, to establish the requisite level of joint participation and collaboration, a plaintiff must show the existence of a pre-arranged plan between the police and the private party by which the police substituted the judgment of a private party for their own official authority and "[a]bsent such allegations . . . tending to show such a plan, [a private entity cannot] be said to have engaged in the 'concerted' or 'joint action' with the police necessary to bring them within the scope of a § 1983 claim." *Hohsfield v. Staffieri,* No. 21-19295, 2021 WL 5086367 at *5 (D.N.J. Nov. 1, 2021) (quoting *Cruz v. Donnelly,* 727 F.2d 79, 80 (3d Cir. 1984)) (edits in original); *see also Lentz,* 2019 WL 1091392 at *5

Plaintiffs run into the same problem under this theory: they do not allege any facts to bridge the gap between impermissible "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and plausible allegations that demonstrate the level of joint participation and collaboration required to bring a private actor into the ambit of a § 1983 claim. *Iqbal,* 556 U.S. at 678. Therefore, the

Court must dismiss Plaintiffs' § 1983 claims (and corresponding NJCRA claims) against Defendant Daniel Thompson, Jr.

### B. Fraud

To sufficiently allege a fraud claim, a plaintiff's complaint must comport with the Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"), which states that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiffs must accompany their legal arguments with "factual allegations that make their theoretically viable claim plausible." *In re Burlington*, 114 F.3d at 1418 (3d Cir. 1997); *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (holding that a "plaintiff alleging fraud must . . . support its allegations with all of the essential factual background that would accompany the first paragraph of any newspaper story — that is, the who, what, when, where and how of the events at issue").

Here, there are no averments whatsoever that tie Defendant Daniel Thompson, Jr. to the alleged fraud upon the state court via the submission of the DeFabrites survey, let alone any factual allegations. *See* Compl. ¶¶48-53, 96-98. The Complaint does not allege that Defendant Daniel Thompson, Jr. is actually involved in the state law case, or that he participated in the procurement or submission of the survey, or that he had any particular knowledge of the survey's invalidation. *Id.* at ¶¶48-53.[4] Plaintiffs need to present the "who, what, when, where and how" that relate to Defendant Daniel Thompson, Jr. to state a claim of fraud sufficient to satisfy the pleading standards of Rule 9(b). Plaintiffs fail to do so here and thus the fraud claim against Defendant Daniel Thompson, Jr. must be dismissed.

---

[4] The name of the state action suggests that Defendant Daniel Thompson, Jr., is not a party to the case. *See* Compl. ¶ 48 ("In an action in Superior Court, *Daniel Thompson and Elizabeth Thompson, Plaintiffs v. Rhys Jones and Geraldine Jones, Defendants* . . .").

### C. Intentional and Negligent Infliction of Emotional Distress[5]

To assert a claim for intentional infliction of emotional distress, a plaintiff must show that the defendant acted intentionally or recklessly, both in doing the act and producing the emotional distress, that the defendant's conduct was outrageous and extreme, beyond the bounds of all decency and utterly intolerable in a civilized community, that the defendant's actions were the proximate cause of the plaintiff's emotional distress, and that the distress suffered was so severe that no reasonable person could be expected to endure it. *Celestin v. W. Deptford Twp.*, No. 15-7608, 2016 U.S. Dist. LEXIS 134044 at *41 (Sept. 29, 2016) (citing *Segal v. Lynch*, 413 N.J. Super. 171, 186-87 (App. Div. 2010)).

Turning to Plaintiffs other emotional distress claim—negligent infliction of emotional distress—consists of negligent conduct which is the proximate cause of the emotional distress in a person to whom the actor owes a legal duty to exercise reasonable care. *Garcia v. Knapp*, No. 19-17946, 2020 WL 2786930 at *14 (D.N.J. May 29, 2020) (citing *Decker v. Princeton Packet, Inc.*, 116 N.J. 418, 429 (N.J. 1989)). This can be demonstrated in two fashions. One path requires a plaintiff to show the death or serious physical injury of another caused by defendant's negligence, a marital or intimate, familial relationship between a plaintiff and the injured person, observation of the death or injury at the scene of the accident, which results in severe emotional distress. *Id.* The second path can be established where the defendant's conduct placed the plaintiff in reasonable fear of immediate personal injury, which gave rise to the emotional distress that resulted in substantial bodily injury or sickness. *Torrey v. New Jersey*, No. 13-1192, 2014 U.S. Dist. LEXIS 31146 at *72-73 (D.N.J. Mar. 11, 2014) (citing *Jablonowska v. Suther*, 195 N.J. 91, 104 (N.J. 2008)).

---

[5] The Court notes that Defendant Daniel Thompson, Jr. is only explicitly referenced in Plaintiffs' claim for intentional infliction of emotional distress. *See* Compl. ¶ 82.

Plaintiffs do not assert in their Complaint that Defendant Daniel Thompson, Jr. owed any legal duty to exercise reasonable care towards them, nor do they assert any specific conduct that Defendant Daniel Thompson, Jr. did that was the proximate cause of their harms. It is not alleged that Defendant Daniel Thompson, Jr. called the police on June 22, 2021, or that he ever made any of the municipal complaints, or that he conducted any of the surveillance of Plaintiffs' property, nor is it alleged that he was present or physically involved in the police action that took place on June 22, 2021. Other than a single conclusory assertion that somehow, Sergeant Baugh, "acted as requested by the Thompson Defendants and their son Trooper Daniel Thompson, Jr." to violate Plaintiffs rights, (Compl. ¶ 8). Plaintiffs fail to present any factual allegations of any conduct that could be attributed to Defendant Daniel Thompson, Jr. that relate at all to Plaintiffs' emotional distress arising from the property dispute with Defendant Daniel Thompson, Jr.'s parents. The Court also notes that other aspects of Plaintiffs' emotional distress claims are factually deficient, lacking any facts to support a plausible allegation of proximate cause, and thus Plaintiffs' emotional distress claims necessarily fail.

Therefore, the Court must dismiss Plaintiffs' intentional and negligent emotional distress claims against Defendant Daniel Thompson, Jr.

V.  **CONCLUSION**

Overall, Plaintiffs' Complaint only supplies conclusory allegations against Defendant Daniel Thompson, Jr. and "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "facial-plausibility standard is met 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'

While '[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility.'" *Iqbal*, 556 U.S. at 678, (citing *Twombly*, 550 U.S. at 556). Here, the Complaint does not present even a "sheer possibility" that Defendant Daniel Thompson, Jr. engaged in any acts whereby the Court could reasonably draw an inference of liability for the conduct alleged.

Therefore, for the reasons set forth above, Defendant Daniel Thompson, Jr.'s Motion to Dismiss, (ECF No. 5), will be **GRANTED** without prejudice. An order consistent with this Opinion will be entered.

April 15, 2024

KAREN M. WILLIAMS, U.S.D.J.