[ECF No. 138]

### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

|  |  |
|---|---|
| **GERALDINE CAPOBIANCO JONES, et al.,** | |
| **Plaintiffs,** | **Civil No. 23-4557 (KMW/EAP)** |
| **v.** | |
| **AMANDA RYAN, et al.,** | |
| **Defendants.** | |

### MEMORANDUM ORDER

This matter having come before the Court on the Motion by Defendants Daniel and Elizabeth Thompson (collectively, the "Thompson Defendants") to amend their counterclaim, ECF No. 138 ("Thompson Defs.' Mot."); and Plaintiffs having filed opposition, ECF No. 148 ("Pls.' Opp."); and the Court having considered the parties' submissions; and the Court exercising its discretion to decide the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1; and for the following reasons, the Motion is **DENIED**.

**Factual and Procedural Background**[1]

1. On February 19, 1999, the Thompson Defendants purchased a home and real property at 189 High Street, Leesburg, in Maurice River Township, Cumberland County, New Jersey. ECF No. 138-4 ("Proposed Am. Countercl.") ¶ 3. Prior to purchase, the Thompson Defendants had the property surveyed by Reale and Associates. *Id.* ¶ 4.

---

[1] The following facts are taken from the Thompson Defendants' proposed amended counterclaim, ECF No. 138-4.

2.      On January 4, 2021, Plaintiffs purchased a house and property next door at 187 High Street.  *Id.* ¶ 5.

3.      On May 1, 2021, Defendant Daniel Thompson, a building contractor, exited his house and observed Donald Boyd, apparently a contractor for Plaintiffs, placing a ladder on the Thompson Defendants' property and leaning it against the Plaintiffs' house.  *Id.* ¶ 6.  Mr. Thompson asked Mr. Boyd, "Do you have insurance?"  *Id.* ¶ 7.

4.      According to the Thompson Defendants, Plaintiffs "became enraged" and told Mr. Thompson "in no uncertain terms that Plaintiffs were superior people in the eyes of the universe and the law of the State of New Jersey and the United States of America, and that he should mind his station in life and not dare to challenge them on anything they or any other north Jersey person might choose to do, lest their wrath, resources, political connections, high-end attorneys, thug friends, etc., come down upon him with overwhelming vengeance."  *Id.* ¶ 8.  Plaintiffs also allegedly announced "that the boundary line between the parties' respective properties was in fact somewhere in the middle of the [Thompson] Defendants' driveway, about six feet away from where the boundary obviously really was and is."  *Id.* ¶ 9.

5.      The Thompson Defendants commissioned a new survey by Fralinger Engineering, dated May 20, 2021, to confirm that their property was where the 1999 survey had placed it.  *Id.* ¶ 10.

6.      Over the next several months, the Thompson Defendants contend that they called police in response to "Plaintiffs' outrageous and threatening conduct and deliberate, defiant trespass upon the Defendants' property[.]"  *Id.* ¶ 11.

7.      Plaintiffs also allegedly harassed Guy DeFabrites of Fralinger Engineering with repeated phone calls, to the point that he allegedly told Geraldine Capobianco Jones that she was correct about the property line "just to get her off his back."  *Id.* ¶ 12.

8.    In November 2021, Plaintiffs filed "frivolous charges" against the Thompson Defendants in municipal court for conduct occurring on August 7, 2021. *Id.* ¶ 14. All municipal court charges against the Thompson Defendants "were dropped in a comprehensive plea bargain in early 2023." *Id.* ¶ 15.

9.    Plaintiffs pled guilty to a subset of the charges they faced in municipal court, and according to the Thompson Defendants, "are still facing related pending charges in Superior Court for assault on a police officer." *Id.* ¶¶ 16-17.

10.    In September 2021, the Thompson Defendants brought suit against Plaintiffs in the New Jersey Superior Court, Chancery Division, resulting in a finding that the boundary line between the parties' properties was where the Thompson Defendants' two surveys placed it. *Id.* ¶ 18. According to the Thompson Defendants, Plaintiffs then obtained a survey from Ewing Associates, dated June 10, 2022, "which completely confirmed [the Thompson] Defendants' two surveys." *Id.* ¶ 19. Nonetheless, Plaintiffs have appealed the Chancery Division decision to the New Jersey Appellate Division, which remains pending. *Id.* ¶ 20.

11.    On June 20, 2023, Plaintiffs filed a Verified Complaint in the New Jersey Superior Court, Law Division – Cumberland County, alleging claims against the Thompson Defendants, as well as Defendants New Jersey State Police Trooper A. Ryan, Trooper D. Hill, Lieutenant J. Champ, Daniel Thompson, Jr., Sergeant First Class (now Lieutenant) Baugh, and the State of New Jersey. *See* ECF No. 1-5 (Compl.). The Complaint alleges various violations of Article I, §§ 1 & 7 of the New Jersey Constitution and Plaintiffs' civil rights (Counts I-III), *id.* ¶¶ 60-79; intentional and negligent infliction of emotional distress (Counts IV-V), *id.* ¶¶ 80-89; violation of Plaintiffs' Fourth Amendment rights pursuant to 42 U.S.C. § 1983 (Count VI), *id.* ¶¶ 90-92; violation of the Due Process Clause pursuant to 42 U.S.C. § 1983 (Count VII), *id.* ¶¶ 93-95; and fraud against the Thompson Defendants (Count VIII), *id.* ¶¶ 96-98.

12.     On July 15, 2023, the Thompson Defendants filed an Answer and Counterclaim in state court, ECF No. 1-5 ("Answer and Countercl.") at 36-54, alleging the following counterclaims: (1) intentional infliction of emotional distress (Count I), *id.* ¶¶ 21-26; (2) property tortiously damaged (Count II), *id.* ¶¶ 27-30; (3) malicious abuse of legal process (Count III), *id.* ¶¶ 31-34; (4) malicious prosecution (Count IV), *id.* ¶¶ 35-37; and (5) a request for attorneys' fees for frivolous claim or defense (Count V), *id.* ¶¶ 38-42.

13.     On August 15, 2023, the State Defendants removed this case to this Court. *See* ECF No. 1 (Notice of Removal).

14.     On December 22, 2025, the Thompson Defendants moved to amend their Answer and Counterclaim. *See* Thompson Defs.' Mot.  The proposed amended counterclaim seeks to add a claim for battery, based on events occurring on or about May 13, 2021.  Proposed Am. Countercl. ¶¶ 43-45 (Count VI).  Specifically, the Thompson Defendants allege that Plaintiff Rhys E. Jones, Sr., M.D. sprayed Defendant Elizabeth Thompson with pepper spray. *Id.* ¶ 45.  Plaintiffs oppose this Motion. Pls.' Opp.  This Motion is now ripe for disposition.

**Standard of Review**

15.     Rule 15(a) governs amendments to pleadings before trial.  A party may amend its pleading once as a matter of course within either twenty-one days after serving it; or if the pleading is one to which a responsive pleading is required, the earlier of twenty-one days after service of a responsive pleading or twenty-one days after a motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  If those deadlines have expired, a party may amend its pleading only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires." *Id*.

16.     The Third Circuit has adopted a liberal approach to the amendment of pleadings. *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019); *see also*

4

*Donovan v. W. R. Berkley Corp.*, 566 F. Supp. 3d 224, 229 (D.N.J. 2021) ("Generally, there is a presumption in allowing the moving party to amend its pleadings.").  However, the Court may deny a motion for leave to amend in one of four instances: (1) the amendment would be futile; (2) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (3) the amendment would prejudice the non-moving party; or (4) the moving party was put on notice of deficiencies in its pleading but chose not to resolve them.  *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.,* 769 F.3d 837, 849 (3d Cir. 2014) (quotations omitted).

17.   An amendment of a pleading is considered futile if the proposed claims would be barred by the statute of limitations.  *See Garvin v. City of Phila.*, 354 F.3d 215, 221 (3d Cir. 2003); *Martinez v. Safariland, LLC*, No. 21-12028, 2022 WL 3593893, at *2 (D.N.J. Aug. 22, 2022) (citing cases).  The party seeking to add an untimely claim must therefore show that the amendment relates back to the original pleading.  *Martinez*, 2022 WL 3593893, at *2 (citing Fed. R. Civ. P. 15(c)(2)).  Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the court.  *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

**Discussion**

18.   The Thompson Defendants seek leave to amend their counterclaim to add a cause of action for battery against Plaintiffs.  ECF No. 138-1 ("Thompson Defs.' Br.") at 6-7.  Plaintiffs oppose the amendment, in part, on the grounds that the claim is time-barred and therefore futile.  Pls.' Opp. at 4.

19.   "A state-law tort claim of assault and battery is subject to the familiar two-year statute of limitations for personal injury actions."  *Bullock v. Borough of Roselle*, No. 17-13208, 2018 WL 4179481, at *9 (D.N.J. Aug. 31, 2018) (citing N.J.S.A. § 2A:14-2).  Under New Jersey law, the date of accrual for a personal injury claim will generally be the date of the tortious conduct or incident

5

resulting in the injury. *D.N. v. Stockton Univ.*, No. 18-11932, 2019 WL 2710500, at *4 (D.N.J. June 28, 2019) (citing *Beauchamp v. Amedio*, 164 N.J. 111, 117 (2000)).

20.    Here, the Thompson Defendants' proposed counterclaim states that "[o]n at least one occasion on or about May 13, Plaintiff Rhys E. Jones, Sr., M.D., trespassed on the property of Defendants Daniel Thompson and Elizabeth Thompson and intentionally touched Defendant Elizabeth Thompson without her consent, causing bodily injury." Proposed Am. Countercl. ¶ 44. While this allegation omits the year of the event, the previous paragraph incorporates the allegations of the "Background" section. *Id.* ¶ 43. Because the background section describes all pertinent events and actions by Plaintiffs as occurring in 2021, the Court can safely surmise that the alleged battery occurred on May 13, 2021. *See id.* ¶¶ 3-14. And the Thompson Defendants' brief in support of the amendment expressly confirms that the alleged battery occurred on "May 13, 2021[.]" Thompson Defs.' Br. at 6-7.

21.    Based on the foregoing allegations, the Thompson Defendants' battery claim accrued no later than May 13, 2021. The two-year statute of limitations for that claim expired on May 13, 2023. The Thompson Defendants, however, did not seek leave to amend until December 22, 2025, more than four and a half years after the accrual date, rendering their proposed amendment untimely and therefore futile.[2]

---

[2]    The Court is aware that, in the Third Circuit, when "the pleading does not reveal when the limitations period began to run . . . the statute of limitations cannot justify Rule 12 dismissal." *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011). However, dismissal based on the statute of limitations may be appropriate when "'the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense.'" *Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014) (quoting *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006)). Here, the pleadings, proposed amended counterclaim, and parties' briefing make clear that the alleged battery occurred more than two years prior to the December 22, 2025 filing date of the motion for leave to amend, making the motion untimely.

22.      The Court finds no basis for relief from this time bar.  First, although not argued in their brief, the Thompson Defendants cannot rely on the relation back rule of Federal Rule of Civil Procedure 15(c)(1)(B).  Under that Rule, "an amendment to a pleading relates back to the date of the original pleading where 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out— in the original pleading.'"  *Glover v. FDIC*, 698 F.3d 139, 145 (3d Cir. 2012) (quoting Fed. R. Civ. P. 15(c)(1)(B)).  The Third Circuit Court of Appeals, however, has clarified that "where the original pleading does not give a defendant 'fair notice of what the plaintiff's [amended] claim is and the grounds upon which it rests,' the purpose of the statute of limitations has not been satisfied and it is 'not an original pleading that [can] be rehabilitated by invoking Rule 15(c).'"  *Id.* (alteration in original) (quotations omitted).  "Put another way, the underlying question for a Rule 15(c) analysis is 'whether the *original* complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint.'"  *Id.* (emphasis in original) (quoting *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008)).

23.      Here, the Thompson Defendants' original Answer and Counterclaims did not describe any specific event on May 13, 2021, let alone a battery by Rhys E. Jones, Sr. against Defendant Elizabeth Thompson.  *See* Answer and Countercl.  Indeed, nothing in the original Answer and Counterclaim suggests any infliction of bodily injury on the Thompson Defendants.  Accordingly, the Court cannot find that the original pleading adequately notified Plaintiffs of the basis for liability that the Thompson Defendants now attempt to advance.

24.      Moreover, the discovery rule does not provide relief from the statute of limitations.  Under the discovery rule, "the statute of limitations does not begin to run until the injured party becomes aware, or should become aware, of the existence of his or her injury, or that the injury is due to the fault of a previously unidentifiable individual or entity."  *Tripo v. Robert Wood Johnson*

*Med. Ctr.*, 845 F. Supp. 2d 621, 628 (D.N.J. Jan. 13, 2012) (citations omitted).  "By its own terms, this exception applies only where the injured party has no reason to know of the existence of a claim." *Id.* (citations omitted).

25.    Here, the Thompson Defendants allege only that "having been forced to review and inspect various evidentiary materials in response to the Plaintiffs' discovery demands, [the Thompson Defendants] now believe they have sufficient evidence to support an additional count of counterclaim against the Plaintiffs, to wit, for Battery upon Elizabeth Thompson by Rhys E. Jones, Sr., M.D." Thompson Defs.' Br. at 4.  Under the discovery rule, Elizabeth Thompson became aware of her injury on the day of the alleged battery, not when the Thompson Defendants believed they had sufficient evidence to substantiate the claim.

26.    Finally, the Thompson Defendants improperly contend that pursuant to the Court's November 7, 2025 Order, they had until December 22, 2025 to file a motion to amend.  Thompson Defs.' Br. at 9.  Because their Motion was filed within that time period, they claim that they "should be granted leave as a matter of course." *Id.*  This argument conflates the time for seeking leave to amend with the applicable statute of limitations for the particular claim sought to be added by amendment.  Although the Thompson Defendants' Motion is timely, the battery claim is not.

**WHEREFORE,** it is this **10th** day of **April 2026**,

**ORDERED** that the Thompson Defendants' Motion for Leave to Amend Counterclaim, ECF No. 138, is **DENIED**.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Karen M. Williams, U.S.D.J.

8