Case 1:23-cv-04557-KMW-EAP    Document 199    Filed 04/30/26    Page 1 of 5 PageID: 1541

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GERALDINE CAPOBIANCO JONES, *et al.*,<br><br>Plaintiffs.<br><br>v.<br><br>AMANDA RYAN, *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 23-cv-4557 (KMW-EAP)<br><br>**MEMORANDUM ORDER<br>AND OPINION** |

**THIS MATTER** comes before the Court by way of Defendants Daniel and Elizabeth Thompson's (collectively "Defendants") Motion to Dismiss Count VIII (ECF No. 88). Plaintiffs opposed (ECF No. 96) and Cross Moved to Compel Discovery.[1] The Court has considered the parties' submissions, finds oral argument unnecessary, and decides the motion on the papers; and

**WHEREAS**, under Fed. R. Civ. P. 12 (b) a party must move to dismiss for failure to state a claim before filing a responsive pleading. *See* Fed. R. Civ. P. 12 (b). Accordingly, a defendant who has already filed an answer may not thereafter bring a motion to dismiss under Rule 12(b). *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); and

**THE COURT NOTING** that this case was removed to this Court on August 15, 2023. (ECF No. 1). Prior to removal, Defendants filed an Answer in New Jersey Superior Court. (*See* ECF No 1-5 at pp. 36-55); and

---

[1] The Court notes that Defendants did not reply to Plaintiffs' opposition, nor did Defendants file an opposition to Plaintiffs' cross motion. Additionally, the Court notes that discovery in this case has proceeded under the supervision of Magistrate Judge Pascal.

**WHEREAS**, when a case is removed from state court to federal court, "repleading is unnecessary unless the court orders it." Fed. R. Civ. P. 81(c). As such, a defendant who has answered the Complaint in state court is deemed to have answered in federal court, and cannot subsequently move to dismiss under Rule 12(b); and

**WHEREAS**, when a motion is improperly styled as a motion to dismiss under Rule 12(b) after a responsive pleading has been filed, a district court may construe the motion as one for judgment on the pleadings under Rule 12(c). *Turbe*, 938 F.2d at 428. A motion for judgment on the pleadings "is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019); and

**THE COURT NOTING** that Defendants proffer three arguments that Count VIII must be dismissed: (1) Plaintiff's claim is moot; (2) Plaintiff's claim is an improper *de facto* appeal of the Chancery Court decision; and (3) Plaintiff's claim is precluded by issue and claim preclusion.

Defendants' argument that the claim is moot because it has already been decided by another court is patently incorrect. "A case becomes moot—and therefore no longer a "Case" or "Controversy" for purposes of Article III—"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citing *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (*per curiam*)). Mootness thus arises when "a change in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *Ordonez-Tevalan v. Att'y Gen. of United States*, 837 F.3d 331, 339 (3d Cir. 2016). Here, no change in circumstances has occurred. Plaintiffs have asserted, and continue to assert, a claim for fraud. Plaintiffs have sought, and continue to seek, damages for that claim. The Court could, and still can, grant meaningful relief. Therefore, the claim is not moot.

Defendants' second argument, that Count VIII constitutes an improper *de facto* appeal of the Chancery Court's decision, is in substance an argument that the claim is barred by the *Rooker-Feldman* doctrine, though the Defendants do not explicitly frame it in those terms, nor do they support the argument with any legal authority whatsoever. Nonetheless, this argument also fails. The Third Circuit recently clarified the narrow scope of the *Rooker-Feldman* doctrine, taking the opportunity to correct the "mischief [that] ensued" in the years following the *Rooker* and *Feldman* decisions. *See In re Adams*, 151 F.4th 144, 151 (3d Cir. 2025). The doctrine only applies in limited circumstances where a litigant, unhappy with a state court judgment, invites a federal district court to review and reject that judgment. *Id.* at 151-52. In such cases, the litigant effectively asks the district court to act as an appellate tribunal. *Id.* But federal district courts possess only original jurisdiction, not appellate jurisdiction over state-court decisions *Id.* at 150 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Accordingly, a federal district court lacks jurisdiction to review and overturn a state court judgment; that authority rests solely with the United States Supreme Court. *Id.*

In this case, Defendants' implied *Rooker-Feldman* argument is that Count VIII necessarily seeks review and rejection of the Chancery Court's decision. Specifically, Defendants contend that because Plaintiffs asserted during the Chancery Court trial that Defendants knowingly presented an incorrect land survey, Count VIII constitutes an improper *de facto* appeal of that ruling. This is not so. The Chancery Court adjudicated the property boundary, not whether Defendants committed fraud. Count VIII does not seek to overturn the boundary determination; rather, it alleges that Defendants engaged in fraudulent conduct in the course of that litigation. Accordingly, Count VIII does not constitute a *de facto* appeal, and Defendants' second argument fails.

Defendants' third argument, that Count VIII is barred by both claim and issue preclusion, comes closer to presenting a potentially viable basis for dismissal, but ultimately falls short. As an initial matter, Defendants collapse issue and claim preclusion into one argument, even though these are distinct doctrines with different requirements and purposes. More significantly, Defendants misstate the law governing finality by asserting that the prior state-court judgment is not final due to the pendency of an appeal. That proposition is incorrect. *See United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009); *see also Cohen v. Superior Oil Corp.*, 90 F.2d 810, 812 (3d Cir. 1937). Notably, this discussion of finality is the only portion of Defendants' brief that cites legal authority, yet they use that authority in a manner that undermines rather than supports their argument. Even setting aside that error, Defendants fail to meaningfully analyze or apply the remaining elements of either claim or issue preclusion, including whether the fraud claim constitutes the same claim as the prior action or whether the issue of fraud was actually litigated and necessarily decided. *See E.E.O.C. v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990) (finding that to establish claim preclusion the movant must show that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies."); *see Schaffner v. Monsanto Corp.*, 113 F.4th 364, 377 (3d Cir. 2024) ("There are four general prerequisites for the application of issue preclusion: (1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment.) (cleaned up)). Accordingly, by failing to meaningfully address the elements of issue or claim preclusion, Defendants have failed to demonstrate that Count VIII is subject to any preclusion doctrine.

4

Consequently, for the reasons stated above, Defendants have not provided any grounds upon which Count VIII may be dismissed.

It is hereby this 30th day of April 2026, **ORDERED**:

**A.**    Defendants' Motion to Dismiss (ECF No. 88) is **DENIED.**

**B.**    Plaintiff's Cross Motion to Compel Discovery is **DENIED AS MOOT**, and discovery will proceed under the supervision of Magistrate Judge Pascal.

KAREN M. WILLIAMS
United States District Judge

5